## SETTLEMENT AGREEMENT AND RELEASE

1.  This Agreement covers all understandings between Plaintiff, ALAIN VALDEZ, (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and Defendants, MIAMI GUNS, INC., and FRANK ABAY, in his individual capacity (hereinafter collectively referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:15-cv-22576, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

    B.  To facilitate the dismissal of CASE NO.: 1:15-cv-22576, pending in the United States District Court for the Southern District of Florida.

    C.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any

1

EXHIBIT A

federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

D. Not to disclose the terms of this Agreement to anyone except Plaintiff's attorneys, Plaintiff's tax advisors or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. If Plaintiff violates the foregoing confidentiality provision or other terms of this Agreement then he shall be required to return all sums paid to them under the agreement and forfeit any future payments.

E. To agree that Plaintiff shall not contact any of Defendants' current or former employees to encourage or incite any such individuals to assert any complaints, claims, charges, or legal proceedings against Defendants.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay consideration in the total sum of **$5,000** as follows:

A. Defendants shall deliver to Plaintiff's Counsel, by November 15, 2015, a check in the sum of **$2,500** to be paid as follows:

   (i) One payment of $1,000.00 made payable to Alain Valdez;
   (ii) One payment of $1,500 made payable to Perlman, Bajandas, Yevoli & Albright, P.L. (Tax ID # 20-1161032) representing $480.17 towards Plaintiff's costs and $1,019.83 towards Plaintiff's attorney's fees.
   (iii) The payment to Plaintiff's counsel was separately negotiated from the payments to be made by Defendants to Plaintiff hereunder.

B. Within forty-five (45) days of the first payment, Defendants shall deliver to Plaintiff's Counsel a check in the sum of **$1,250.00** to be paid as follows:

   (iv) One payment of $1,250.00 made payable to Perlman, Bajandas, Yevoli & Albright, P.L. (Tax ID # 20-1161032) towards Plaintiff's attorneys' fee.

C. Within forty-five (45) days of the second payment, Defendants shall deliver to Plaintiff's Counsel a check in the sum of **$1,250.00** to be paid as follows:

   (v) One payment of $1,250.00 made payable to Perlman, Bajandas, Yevoli & Albright, P.L. (Tax ID # 20-1161032) towards Plaintiff's costs and attorneys' fee.

D. Defendants shall have a five day period to cure any breaches of this Agreement upon notice to their counsel.

E. In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents, except for any defenses to those claims excepted from the release being provided by Plaintiff in Paragraph 2A above.

F. Defendants agree not to disclose the terms of this Agreement to any prospective employer or third party making any inquiry about Plaintiff. If Defendants are contacted by any such third party or prospective employer, Defendants shall only confirm Plaintiff's dates of employment and job position but shall not make disparaging remarks about or against Plaintiff to any third party.

4. The parties agree and acknowledge that this Agreement shall be read into the record in this form in CASE NO.: 1:15-cv-22576 for approval consistent with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

5. In the event that Plaintiff or Defendants commence an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States of America and the State of Florida.

DATE: 10-21-15    Signature: _____
                              ALAIN VALDEZ

DATE: 10-15-15    Signature: _____
                              FRANK ABAY, Individually

DATE: _____  Signature: _____
                              FRANK ABAY, Director
                              MIAMI GUNS, INC.

EXHIBIT A